WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA  2955-0
Union Mall
1136 Union Mall, Suite 402
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
e-mail:  aikeda@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
OPERATING ENGINEERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| **TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS** (**Pension Trust Fund** by its Trustees, James E. Murray, Kevin J. Albanese, Steve Clark, F.G. Crosthwaite, Bryan K. Flake, Thomas Holsman, Lance Inouye, Richard Piombo, Tom Squeri, David R. Stanton, Russell E. Burns, Mike Croll, Justin Diston, David Harrison, Steve Ingersoll, Pane Meatoga, Jr., Bruce Noel, Dan Reading, James Sullivan Nate Tucker; Pensioned Health and Welfare Trust Fund by its Trustees, James E. Murray, Kevin J. Albanese, Steve Clark, F.G. Crosthwaite, Bryan K. Flake, Thomas Holsman, Lance Inouye, Richard Piombo, Tom Squeri, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. _____<br><br>COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "A"; SUMMONS |

David R. Stanton, Russell E.
Burns, Mike Croll, Justin Diston,
David Harrison, Steve Ingersoll,   )
Pane Meatoga, Jr., Bruce Noel,   )
Dan Reding, James Sullivan,   )
Nate Tucker; **Hawaii Health and** )
**Welfare Trust Fund for**   )
**Operating Engineers by its**   )
**Trustees**, Lance Inouye, Rodney )
Nohara, Kathleen Thurston,   )
Randall Ching, Corey Yamashita, )
Russell E. Burns, Pane Meatoga, )
Jr., Dan Reding, Steve Ingersoll,  )
Analesea Tuiasosopo; **Hawaii**   )
**Operating Engineers Annuity**   )
**Trust Fund by its Trustees**,   )
Lance Wilhelm, Kathleen   )
Thurston, Marnie Koga Hursty,   )
Chad Goodfellow, Leonard   )
Dempsey, Russell E. Burns, Pane)
Meatoga, Jr., Dan Reding, Steve  )
Ingersoll and Buddy Victorino;   )
**Operating  Engineers and**   )
**Participating Employers Pre**   )
**Apprentice, Apprentice and**   )
**Journeyman Affirmative**   )
**Action Training Fund for**   )
**Hawaii** by its Trustees, Leonard  )
Leong, Gary Iwamoto, Andrew   )
Ragasa, Richard Heltzel, Peter   )
Kwan, Russell E. Burns, Pane   )
Meatoga, Jr., Dan Reding, Steve  )
Ingersoll, and William Greig;   )
Hawaii **Operating Engineers**   )
**Industry Stabilization Trust**   )
**Fund by its Trustees**, Lance   )
Wilhelm, Kenneth Kobatake, Ken )
Kawamoto, Joyce Furukawa,   )

Kyle Nakamura, Russell E. )
Burns, Dan Reding, Pane )
Meatoga, Jr., Steve Ingersoll, and )
Clarence "Black" Huihui; )
**Operating Engineers Local** )
**Union No. 3 Vacation, Holiday** )
**and Sick Pay Trust Fund, by its** )
**Trustees,** Russell Burns, Dan )
Reding, Steve Ingersoll, Justin )
Diston, James Sullivan, James )
Murray, Lance Inouye, Bryan )
Flake and Tom Squeri), )
                   )
          Plaintiffs, )
                   )
                   )
    vs. )
                   )
MOUNTAIN CRANE SERVICE, )
LLC, a Foreign Limited Liability )
Company, )
                   )
          Defendant. )
_____ )

### COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys,

WEINBERG, ROGER & ROSENFELD, and for Complaint against

Defendant above named allege and aver as follows:

### FIRST CAUSE OF ACTION
### SPECIFIC PERFORMANCE

1.     Plaintiffs are the Trustees of the Operating Engineers'

Trust Funds, which include the Pension, Pensioned Health and Welfare, Hawaii Health and Welfare, Annuity, Operating Engineers and Participating Employers Pre-Apprentice, Apprentice and Journeyman Affirmative Action Training and Hawaii Industry Stabilization Trust Funds and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund (hereinafter referred to as "Trust Funds").

2.    This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3.    At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the County of Alameda, State of California.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust

created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.    Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant MOUNTAIN CRANE SERVICE, LLC (hereinafter "Defendant"), was, and is now, a Foreign Limited Liability Company, doing business in the State of Hawaii.

5.    On or about August 11, 2016, Defendant by and through its authorized representative, made, executed and delivered to the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (hereinafter "Union"), that certain written agreement, effective August 11, 2016, entitled "Exhibit G" - CERTIFICATION OF RECEIPT AND ACCEPTANCE MASTER AGREEMENT COVERING OPERATING ENGINEERS IN THE STATE OF HAWAII (hereinafter "Agreement") covering operating engineers in the State Of Hawaii, which said Agreement by its terms incorporated the Master Agreement Covering Operating

Engineers In The State Of Hawaii effective August 11, 2016 to and including August 31, 2019, and all of the amendments, modifications, changes, extensions and renewals thereto (hereinafter referred to as "Master Agreement") and the various Trust Agreements establishing each of Plaintiffs' trusts. A true copy of said Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference. By said agreement(s), Defendant promised to contribute and pay to the Trust Funds and Plan (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 11, 2016.

6.    By said agreement(s), the Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 11, 2016, to permit audits of its payroll records to allow Plaintiffs to ascertain whether

all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

7.   By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8.   By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-

mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9.    By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

10.   By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

11.   Plaintiffs have notified Defendant and have demanded that said Defendant submit timely payments and reports, but said Defendant has failed, neglected and refused to do so.

12.   Defendant now continues to fail, neglect and refuse to submit timely payments and reports and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and refuse to

submit timely payments and reports.  Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

SECOND CAUSE OF ACTION
**(ASSUMPSIT AND DAMAGES)**

13.    Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 12. of the First Cause of Action hereinabove set forth.

14.    By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15.    Defendant's known delinquencies, to the Plaintiffs are as follows:

1. Contributions (8/16 and 9/16 reports):. . . . . . .$3,138.96

2. Liquidated damages (8/16 and 12/16 reports): . $   714.27

3. Minimum interest (12%) on contributions
   to 11/25/17 ($1.04 per diem thereafter): . . . . . $   463.37

          **GRAND TOTAL**       $4,316.60

plus Defendant's January 2017, February 2017 and July 2017 reports, and attorney's fees and costs.

16.   Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time because Defendant has neglected and refused to submit timely reports to the aforesaid Trust Funds.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

17.   Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

18.   At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

19.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

20.   By virtue of the foregoing, Plaintiffs have been damaged in the amount of $4,316.60 and such additional amounts as may be proven at trial of hearing on proof.

21.   It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated

damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant MOUNTAIN CRANE SERVICE, LLC, A Foreign Limited Liability Company, as to the First and Second Causes of Action hereinabove set forth, as follows:

1.   That the Court order Defendant to submit timely reports and payments in accordance with said agreement(s).

2.   That the Court order Defendant to submit its January 2017, February 2017 and July 2017 reports and to permit Plaintiffs to audit its payroll books and records for the period of August 2016 through the present in accordance with said agreement(s).

3.   That the Court award to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4.     That the Court award to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

5.     That the Court order and compel Defendant to furnish to each of the seven (7) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6.     That the Court award the Plaintiffs and against the Defendant pursuant to the collective bargaining and trust agreements, the sum of $3,138.96 in known August 2016 and September 2016 report contributions plus interest at the rate prescribed under the agreement(s) of twelve percent (12%) in the minimum amount of $463.37 through November 25, 2017 and at $1.04 per diem thereafter.

7.    That the Court award judgment for the Plaintiffs and against the Defendant pursuant to the collective bargaining agreement, liquidated damages for the August 2016 and December 2016 report periods as provided in said agreement(s) of $714.27, or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

8.    That the Court awards the Plaintiffs and against the Defendant such additional amounts as may, by proof, be shown to be due and owing at the time of trial or proof.

9.    That the Court awards the Plaintiffs and against the Defendant all collection costs, audit fees, costs of court and reasonable attorney's fees pursuant to said agreement(s) or other laws.  29 U.S.C. § 1132(g).

10.  That the Court orders and awards any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii, _____January 4, 2018_____.

WEINBERG, ROGER & ROSENFELD

By_____
ASHLEY K. IKEDA
Attorney for Plaintiffs
TRUSTEES OF THE OPERATING
ENGINEERS' TRUST FUNDS